NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICAELA AMADA NICOLAS-JUAN;
MARIA ISABEL NICOLAS-JUAN,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 18-71078

Agency Nos. A202-058-471
A202-058-472

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2020**

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioners Micaela Amada Nicolas-Juan and Maria Isabel Nicolas-Juan,
natives and citizens of Guatemala, seek review of the Board of Immigration
Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum,
withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Petitioners fear mistreatment by an abusive uncle, who began stalking, harassing, and threatening Petitioners after his wife and children left him to live with Petitioners at their grandmother's home in Guatemala. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's denial of asylum and withholding. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (reviewing asylum and withholding decisions for substantial evidence). Even crediting the uncle's abuse as persecution, the record does not compel its attribution to a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C), 1252(b)(4); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it." (emphasis in original)).

Of Petitioners' three proposed social groups,[1] substantial evidence supports the agency's finding that two of them—"immediate family members of someone who has provided support to women who are unable to leave their relationship" and "Guatemalan girls who are viewed as property"—respectively lack the particularity and evidence of membership necessary to confer protection. *See Reyes v. Lynch*, 842 F.3d 1125, 1136–38 (9th Cir. 2016) (reviewing "particularity" ruling for

---

[1] Petitioners originally proposed eight social groups; however, because their opening brief only addresses three of them, we do not consider the other five. *See Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1189 n.1 (9th Cir. 2015) (treating arguments not raised in petitioner's opening brief as waived).

2

substantial evidence); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) (rejecting categorical exclusion of domestic violence victims as particular social group while affirming that "the BIA must conduct the proper particular social group analysis on a case-by-case basis").  We likewise find that, though Petitioners' familial membership may be cognizable, *see Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) (assuming cognizability of family membership), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc), the evidence that several relatives, including Petitioners' aunt, have remained in Guatemala without incident supports the agency's finding of no nexus to their uncle's abuse.  *See id.* (considering a relative's "continuing safety" in country of removal to be a "persuasive factor"); *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (finding it "especially significant" that the petitioner's family voluntarily returned to country of removal and continued to live there unharmed).

Nor is CAT relief required here.  *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1). Guatemala's inadequate domestic-violence protections notwithstanding, Petitioners point to no evidence that the uncle acted as, at the behest of, or with the acquiescence of the Guatemalan government.  *See id.* § 1208.18(a)(7) ("Acquiescence . . . requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.").

**PETITION DENIED.**